**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2802-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ERNEST S. JONES,
a/k/a STANLEY JONES,
LEN CLARK JR., RICHARDO
GOMEZ, STANLEY HEARNS,
LOUIS JONES and EARNEST
JONES,

    Defendant-Appellant.

_____

Submitted November 13, 2025 – Decided February 9, 2026

Before Judges Vanek and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment Nos. 98-09-0650 and 16-09-0902.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ernest S. Jones appeals from a March 18, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons set forth in Judge Mark A. Tarantino's comprehensive seventeen-page written decision.

I.

In September 1998, a Burlington County grand jury returned a three-count indictment charging defendant with possession of a controlled dangerous substance (CDS), cocaine, possession with intent to distribute, and distribution. On April 26, 1999, just before jury selection, defendant pleaded guilty to the charge of distributing cocaine, N.J.S.A. 2C:35-5a(1) and 2C:35-5b(3). Defendant's "open plea" exposed him to a minimum prison sentence of five years with three years of parole ineligibility and a maximum sentence of ten years with five years of parole ineligibility, plus mandatory fines and penalties. In exchange, the State agreed to dismiss the remaining two counts of the indictment.

On the record, Judge Victor Friedman reviewed with defendant the terms and consequences of his guilty plea. In response to Judge Friedman's questions, defendant stated he understood he was not required to plead guilty, he was presumed innocent, and he was entitled to a jury trial. Additionally, the judge explained defendant had the right to cross-examine witnesses. He was also told he had the right to testify, and if he declined to testify, the jury could not hold that decision against him. The judge explained his attorney assigned by the Office of the Public Defender would "present any defense that [he had] available."

After listening to testimony regarding defendant's educational background and employment, the following colloquy ensued:

> THE COURT: Are you drunk or high today?
>
> DEFENDANT: No.
>
> THE COURT: You've discussed this [plea] with your lawyer?
>
> DEFENDANT: Yeah.
>
> THE COURT: You understand the charge is distribution of CDS, meaning that you had cocaine, you knew you had it, you meant to have it and either sold it or gave it to somebody else, you didn't just have it for your own use? You understand that?
>
> DEFENDANT: Yes.

. . . .

THE COURT: And what was charged was that on March 3, 1998 in Florence you knowingly or purposely distributed cocaine to a detective . . . less than half an ounce, you understand that?

DEFENDANT: Yes.

THE COURT: Were you in Florence on March 3, 1998?

DEFENDANT: Yes.

THE COURT: Did you give or sell some cocaine to someone who turned out to be [a detective]?

DEFENDANT: Yes.

In accepting defendant's guilty plea, the judge stated:

I'm satisfied and find as a fact this defendant is competent to enter this plea; he's represented by competent counsel; the charge is adequately made out in the indictment; he understands the offense and its elements; he has acted voluntarily; there's no plea agreement except that counts two and three will be dismissed; he understands the penalties, the consequences; and has satisfied me that this crime happened. There's an adequate factual basis for it so I'll accept his plea of guilty.

In August 1999, represented by substituted private counsel, defendant moved to withdraw his guilty plea on grounds that he had not articulated a sufficient factual basis to meet the elements of the crime. The judge denied the

4

motion, finding defendant voluntarily chose to plead guilty rather than proceed to trial and that his decision was thoroughly reviewed on the record. The judge stated, "[T]here was no misunderstanding here. There was a course of action . . . taken and I don't find any supportable basis for permitting the withdrawal of the plea of guilty at this time."

After the ruling, defense counsel requested an adjournment of sentencing so defendant could "make arrangements for [the care of] his children." The judge granted the request, advising defendant in open court of the September 1999 sentencing hearing. Defendant failed to appear for sentencing, and the judge issued a bench warrant for his arrest.

Nearly seventeen years later, in May 2016, defendant was apprehended on the warrant. Following arrest, he was indicted for third-degree bail jumping, N.J.S.A. 2C:29-7; fourth-degree false government documents (a New Jersey identification card bearing false personal identifiers), N.J.S.A. 2C:21-2.1d; and fourth-degree hindering apprehension, N.J.S.A. 2C:29-3b(4).

Soon after his arrest, defendant applied for admission to the Recovery Court program.[1] The State denied the application and defendant appealed. In

---

[1] Consistent with its current designation, this opinion uniformly refers to "Recovery Court" rather than "Drug Court," its former designation.

A-2802-23

December 2016, Judge Christopher J. Garrenger denied the appeal, citing defendant's history of "non-amenability to probation," the extended period during which he evaded law enforcement, and the severity of the potential sentence. The judge concluded that, given the totality of circumstances, defendant was not a suitable candidate for the Recovery Court program.

In January 2017, defendant moved for reconsideration of the denial of the motion to withdraw his guilty plea, asserting he was under the influence of alcohol at the time he entered the plea. In a March 2017 written decision, Judge Garrenger rejected this argument, finding there was no mention or evidence of defendant's intoxication in the record of the 1999 plea proceeding, nor in the initial motion to withdraw the guilty plea.

In July 2017, defendant was sentenced by Judge Philip E. Haines to five years in prison with three years' parole ineligibility on the drug distribution charge. At sentencing, defendant reiterated his claim that he had told trial counsel "I wasn't ready [for trial], 'cause we just had a cookout that night [before the plea proceeding], and I was drunk."

In August 2017, defendant pleaded guilty to bail jumping. In exchange, the State recommended a flat three-year prison term. On October 13, 2017, Judge Haines imposed a flat three-year term, granting 421 days' credit.

6

Defendant objected to the bail-jumping sentence, asserting he understood from counsel that the sentence would be concurrent. The State argued the bail-jumping sentence should be served consecutively, not concurrently. Defense counsel acknowledged there may have been a "miscommunication" between defendant and counsel at the time of the plea and asked the court to impose a concurrent sentence.[2] Noting "[t]he plea form itself d[id] not reference concurrency[,]" Judge Haines agreed with the State's position and imposed a three-year prison term consecutive to the July 2017 sentence.

Defendant appealed. In May 2019, we heard defendant's appeal on a sentencing oral argument calendar and remanded the case for the judge to identify "adequate findings to support imposition of consecutive terms." See State v. Miller, 205 N.J. 109 (2011); State v. Yarbough, 100 N.J. 627 (1985). On remand, in November 2019, Judge Haines resentenced defendant to time-served with no further parole supervision, because defendant had been released from prison on April 29, 2019.

On December 29, 2022, defendant filed a self-represented PCR petition. PCR counsel submitted a supplemental brief and certifications with supporting

---

[2] Defendant was represented by different private counsel at the plea and sentence for the bail-jumping charge.

A-2802-23

exhibits.  Defendant and his then-fiancée submitted certifications attesting to defendant's purported intoxication at the time of the guilty plea on the drug offense.  Defendant claimed his first trial counsel was ineffective in allowing him to plead guilty under such circumstances.[3]  He further asserted that his second trial counsel was ineffective for purportedly not advising him of the penal consequences of his plea to bail jumping, resulting in a consecutive sentence.  Additionally, he claimed second trial counsel was ineffective for not appealing denial of his entry to Recovery Court, for failing to argue for mitigating factors at sentencing, and for "denigrating" his intoxication claim at the time of his drug charge plea.

Judge Tarantino heard oral argument on March 8, 2024.  The judge entered an order and written decision on March 18, stating his reasons for denying defendant's petition.

In his ruling, Judge Tarantino noted the PCR petition was filed in December 2022, more than five years after defendant's October 2017 sentencing.  As such, the judge determined PCR was time-barred under Rule 3:22-12(a)(1),

---

[3]  Following defendant's designations, we refer to his trial counsel for the 1999 charges as "first trial counsel" and counsel for the bail jumping charges as "second trial counsel."

which requires a first PCR petition to be filed within five years of entry of the judgment of conviction.

The judge found no basis for exceptions to the five-year time-bar under Rule 3:22-12(a)(1)(B), involving newly recognized constitutional rights or factual predicates that "could not have been discovered earlier through [] exercise of reasonable diligence[.]" Nor did the judge find the exception under Rule 3:22-12(a)(1)(A) to be implicated, where, in addition to excusable neglect, a petitioner must also show there is "a reasonable probability that if [] defendant's assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice." In this context, the judge referenced defendant's timely but otherwise unsuccessful attempt to file a self-represented PCR in May 2021 that was administratively dismissed for failing to aver specific facts to support his application. The judge rejected defendant's claim that he had "persistently tried to file a PCR petition since 2021[,]" noting defendant had "not been subject to the challenges of filing legal documents from state prison since" his release in April 2019. State v. Murray, 162 N.J. 240, 246 (2000) (finding a defendant's "lack of sophistication in the law does not satisfy the exceptional circumstances required" to relax the five-year time bar). In sum, the judge found "[d]efendant's only justification for his delay in filing [wa]s that

he did not have counsel" to properly file the PCR petition. The judge ruled that ignorance of the law and lack of counsel do not qualify as excusable neglect. State v. Jackson, 454 N.J. Super. 284, 295 n.6 (App. Div. 2018).

The judge also found no potential fundamental injustice, observing that if PCR was granted, "the State would be unfairly prejudiced" in that "[i]t would be extremely difficult to find witnesses, and even if witnesses could be located, their memories would likely be lacking and less reliable than over twenty-five years prior. Such disadvantage to the State would be attributable to the defendant's lengthy period of absconding."

Notwithstanding his finding regarding the tardiness of defendant's application and the absence of an applicable exception, Judge Tarantino considered the petition's merits. In a written decision, the judge addressed the arguments in defendant's self-represented submission and included abbreviated parenthetical responses as follows:

> (1)    newly discovered evidence (no specifics as to what evidence he contends is newly discovered); (2) misapplication of jail and gap time credit (not specific); (3) illegal sentence (which was addressed by the appellate division sentencing calendar); (4) insufficient evidence (nothing else mentioned); (5) improper admission (not specific); (6) prosecutorial misconduct (with no explanation); (7) exclusion of evidence (did not mention what evidence); (8) evidentiary issues (did not specify); (9) suffered substantial deprivation of his

state or federal constitutional rights, including a violation of procedural or substantive due process (again, with no specifics); (10) sentences imposed exceeded or was otherwise not in accordance with the sentences authorized by law (was addressed by the appellate division and remand sentencing judge); and (11) "I was granted [Recovery] Court, but I was told it was denied so I was unable to receive it" (which is false in that he was never admitted to [Recovery] Court, as the [Recovery] Court appeal hearing of December 8, 2016 makes clear).

Judge Tarantino also addressed defendant's claim of intoxication during the 1999 guilty plea, finding no credible or specific evidence to support this allegation. He found "[t]he ten line fiancée affidavit [wa]s deficient and not credible for the following reasons: (1) it lack[ed] specificity; (2) it was contradicted by his [second trial counsel] as an officer of the court; (3) there is no other corroborating evidence or statement about this issue, even from the defendant himself."

Further, Judge Tarantino concluded that neither plea counsel nor sentencing counsel were ineffective. He applied the Strickland/Fritz standard, finding defendant failed to establish either that "counsel's representation fell below an objective standard of reasonableness" or that any alleged errors affected the outcome of the proceedings. State v. Fritz, 105 N.J. 42 (1987); Strickland v. Washington, 466 U.S. 668 (1984). He found ineffective assistance

11

was not established "just because [defendant] disagrees with the final results of his cases. Counsels' performance was appropriate and effective. There must be a greater showing that counsels' performance did not fall within the range of reasonable professional assistance."

In rejecting the need for an evidentiary hearing, the judge found no prima facie case of ineffective assistance of counsel. He emphasized that defendant's submissions consisted of bald assertions and general disagreements, rather than disputed issues as to material facts that would entitle him to relief.

On appeal, defendant raises the following ineffective assistance of counsel argument as to his first and second trial counsel:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIMS THAT HIS ATTORNEYS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY ALLOWING HIM TO PLEAD GUILTY TO THE DRUG CHARGE WHILE HE WAS INTOXICATED (FIRST TRIAL COUNSEL), DENIGRATING HIS CLAIM THAT HE WAS INTOXICATED DURING THE DRUG CHARGE PLEA (SECOND TRIAL COUNSEL), FAILING TO ADVISE HIM OF THE PENAL CONSEQUENCES OF HIS PLEA WHICH LED TO CONSECUTIVE SENTENCING AND A FAILURE TO APPEAL A DENIAL INTO DRUG COURT (SECOND TRIAL COUNSEL), AND FAILING TO ARGUE FOR MITIGATING FACTORS AT SENTENCING (SECOND TRIAL COUNSEL).

A-2802-23

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). A PCR "is neither a substitute for direct appeal nor an opportunity to relitigate cases already decided on the merits[.]" Ibid. (citations omitted).

We review de novo a decision to deny a petition for PCR without an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004). We also review the PCR court's decision to forgo a hearing for abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

In considering defendant's arguments, we apply well-settled principles. The two-part constitutional test of Strickland governs claims of ineffective assistance of counsel under the Sixth Amendment. 466 U.S. at 687. To establish a deprivation of the Sixth Amendment right, a convicted defendant must demonstrate that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the accused's defense. Ibid.; see also Fritz, 105 N.J. at 58 (adopting the Strickland two-part test in New Jersey).

Regarding the first prong, deficient performance, "the test is whether counsel's conduct fell below an objective standard of reasonableness." State v.

13

Savage, 120 N.J. 594, 614 (1990) (citing Strickland, 466 U.S. at 688). "[A] defendant challenging assistance of counsel must demonstrate that counsel's actions were beyond the 'wide range of professionally competent assistance.'" Ibid. (quoting Strickland, 466 U.S. at 690). In reviewing such claims of ineffectiveness, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

Given this presumption, "complaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy . . ." Fritz, 105 N.J. at 54 (citation omitted); see also State v. Echols, 199 N.J. 344, 357-59 (2009). "The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (citations omitted).

"[T]o satisfy the second prong—that a defendant has been prejudiced by counsel's actions—there must be a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Savage, 120 N.J. at 614 (quoting Strickland, 466 U.S. at 694).

14

We concur with Judge Tarantino's conclusion that the exceptions to the five-year time limitation under Rule 3:22-12(a)(1) were inapplicable, for the reasons expressed in his opinion. Defendant was sentenced on October 13, 2017. His first PCR petition accepted for filing was received on December 29, 2022, more than two months beyond the five-year deadline. The date of the October 2017 sentence "controls[,] even if there are subsequent sentencing proceedings." State v. Cann, 342 N.J. Super. 93, 102 (App. Div. 2001) (citing State v. Dugan, 289 N.J. Super. 15, 20-21 (App. Div. 1996)). Based on our review of the October 13 sentencing transcript, Judge Haines specifically advised defendant, "You also have a right to file a petition for what is known as post-conviction relief. That shall be filed no more than five years after today . . . ."

Notwithstanding the time-bar, for purposes of completeness, we address the merits of defendant's arguments. We discern no error in Judge Tarantino's decision not to conduct an evidentiary hearing and his legal conclusion that defendant's ineffective assistance claims lack merit. The mere assertion of a PCR claim does not entitle defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 160 (App. Div. 1999). A defendant "must do more than make bald assertions that he was denied the effective assistance of

15

counsel." Id. at 170. Rather, PCR courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013).

Here, the record supports Judge Tarantino's rejection of defendant's proofs as stale, contradictory, and lacking any independent corroboration. In the absence of a prima facie showing of ineffective assistance of counsel, we discern no error in the judge's decision not to grant an evidentiary hearing.

Our review of the arguments advanced by defendant's first trial counsel in support of the motion to withdraw his plea demonstrates a facially tenable position. Despite a measure of ambiguity in the factual basis elicited, ultimately there was a sufficient predicate to sustain the plea, as Judge Friedman correctly decided in 1999.

Assessing defendant's application in the most favorable light, we accept defendant's proffer that he told first trial counsel he was intoxicated at the time of the plea hearing. However, the plea hearing transcript fails to reflect any hint of intoxication. Defendant was specifically asked under oath whether he was "drunk or high" and he responded "[n]o." His responses throughout the plea

16

proceeding were cogent and responsive. Moreover, no evidence was presented to support defendant's proffer in the certifications, which led Judge Garrenger to deny reconsideration in March 2017—a conclusion later reiterated by Judge Tarantino.

Second trial counsel incorrectly stated at the July 2017 sentencing that the issue of intoxication "was fully litigated" before the judge who accepted defendant's 1999 plea. However, that inaccuracy does not render counsel's representation facially ineffective sufficient to warrant an evidentiary hearing.

Such is the case here when we consider counsel's performance in context. In response to defendant's displeasure at counsel for not reiterating his position that he was intoxicated during his original plea, second trial counsel stated, "Mr. Jones, you'll have an opportunity to speak in just a moment. . . . But right now I'm putting on the record things that I think are most important for the record -- on the record for your benefit." Second trial counsel then argued defendant's conduct was "not terribly egregious." Counsel also presented an equitable argument that changes to the law made the punishment defendant faced for his 1999 offense more severe than "the same person might get on the same circumstances today." Here, counsel argued for – and the court imposed – the "lowest possible sentence under the plea agreement that was arranged, which

 A-2802-23

[was] a five-year sentence with three years stipulated period of parole ineligibility." Thus, defendant cannot satisfy the prejudice prong under Strickland.

We discern nothing in the record to support defendant's contention that second trial counsel failed to inform him of the consequences of his plea to the bail-jumping charge. As Judge Haines observed, neither defense counsel nor the prosecutor referenced concurrency of the sentences on the record. In the absence of explicit mention, there was no reasonable basis for defendant to believe he was entitled to a concurrent sentence. Beyond this, defendant received a time-served sentence. Considering the unlikely contestability of the bail-jumping charge and the ultimate sentence imposed, defendant is unable to satisfy the prejudice prong under Strickland.

Lastly, defendant has not demonstrated he would have prevailed had his rejection from Recovery Court been appealed. Judge Garrenger well-articulated why defendant was not a suitable candidate for that program. We see nothing in the record to persuade us that counsel's failure to appeal Judge Garrenger's denial of his admission to Recovery Court satisfies either prong under Strickland.

A-2802-23

We are satisfied Judge Tarantino's findings of fact and conclusions of law on the remaining issues raised on appeal were correct. Any arguments not addressed in this decision are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

19